UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, § § | |
| Plaintiff, § § | Civil Action No. 1:16-cv-00159-BL |
| v. § § | |
| RENTECH BOILER SYSTEMS, INC. § § | |
| Defendant. § | |

**PLAINTIFF COLONY INSURANCE COMPANY'S
RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REPLY
TO RENTECH'S RESPONSE TO COLONY'S RESPONSE**

COMES NOW Colony Insurance Company ("Colony"), and, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.3, shows as follows:

1. For the reasons set out in Colony's brief filed contemporaneously herewith, and the brief it filed in connection with its Motion for Summary Judgment (Doc. 14), Colony moves for summary judgment relating to all the claims asserted by it in this lawsuit, and prays that Rentech's Motion for Summary Judgment (Doc. 16.) be denied.

**SUMMARY**

2. Colony asserts that it owes no duty to defend or indemnify Rentech Boiler Systems, Inc. against the claims asserted by Water and Sewer Authority of Cabarrus County ("WSACC") in the suit styled *Water and Sewer Authority of Cabarrus County v. CH2M Hill, Inc., et al;* Cause No. 16-cv-001920, in the Cabarrus County Superior District Court, North Carolina (the "underlying suit").

3. First, the general liability policies Colony issued to Rentech do not cover WSACC's claims against Rentech because they do not allege "property damage'" as required

under the insuring agreement of the policies. In addition, there is no "property damage" alleged to have occurred within the effective dates of the poly in effect from 2015-2016, as admitted by Rentech.

4. Second, even if the "property damage" requirement of the insuring agreement is met, the "business risk" exclusions in the policies — particularly exclusions j, k, l, and m — preclude coverage for risks relating to the repair or replacement of the insured's faulty work or products, or defects in the insured's work or product itself.

5. Third, WSACC's claims against Rentech are excluded from coverage under the two error and omissions policies issued to it by Colony. In addition, no claim was made and reported to Colony during the effective dates of the policy in effect from 2014-2015, as admitted by Rentech.

6. Fourth, Rentech's affirmative defense of unconscionability and illusoriness are not supported by Texas law.

7. Fifth, because same reasons that negate the duty to defend negate the possibility that Colony will ever have the duty to indemnify, the indemnity question is justiciable prior to the determination of Rentech' s liability in the underlying lawsuit, and the court should hold Colony has no obligation to indemnify Rentech against the underlying suit.

8. Each of these matters is set forth in Colony' brief in support of its summary judgment Motion (Doc. 14) and the brief filed contemporaneously with this Response.

9. For the reasons stated in Colony' Brief in Support of its Motion for Summary Judgment (Doc. 14), and the brief filed with this Response, Colony requests that the Court enter an Order granting Colony's Motion for Summary Judgment in its entirety and denying Rentech's Motion (Doc. 16).

10. Colony also asks that the Court grant Colony all other relief to which it may be entitled.

WHEREFORE, PREMISES CONSIDERED, Colony Insurance Company prays for summary judgment declaring the rights and obligations of the parties, and in particular for a declaration that it owes no duty to defend Rentech against the claims raised in the underlying suit, or to pay any judgment or settlement entered in connection with the underlying suit.

Respectfully submitted,

TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP

 /s/ *John C. Tollefson*
John C. Tollefson
State Bar No. 20109400
JohnT@tbmmlaw.com
Stephen A. Melendi
State Bar No. 24041468
StephenM@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
MattR@tbmmlaw.com
2811 McKinney Avenue, Suite 250 West
Dallas, Texas  75204
Telephone:	(214) 665-0100
Facsimile:	(214) 665-0199
**ATTORNEYS FOR COLONY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2017, a true and correct copy of the foregoing document was served via the Court's ECF system upon all counsel of record who are registered ECF users.

 /s/ *John C. Tollefson*
John C. Tollefson