UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16-CV-00159-BL |
| | § | |
| **RENTECH BOILER SYSTEMS, INC.,** | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT RENTECH BOILER SYSTEMS, INC.'S REPLY IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Rentech Boiler Systems, Inc. ("Rentech") and, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.3, files its Reply in Support of its Cross-Motion for Summary Judgment ("Reply"). Rentech respectfully would shows this Court the following:

1. For the reasons set forth in Rentech's Brief in Support of this Reply, as well as those set forth in its Response and Cross-Motion and accompanying Brief in Support [Docs. #15 & #16], Rentech moves for summary judgment relating to Plaintiff Colony Insurance Company's ("Colony") duty to defend Rentech in connection with the Underlying Lawsuit,[1] and prays that Colony's Motion for Summary Judgment [Docs. #13 & #14] be denied.

### SUMMARY

2. Rentech contends that Colony owes it a defense in the Underlying Lawsuit under either a general liability insurance policy, an errors and omissions policy or both, which were

---

[1] The "Underlying Lawsuit" is styled as Cause No. 16-cv-001920, *Water and Sewer Authority of Cabarrus County v. CH2M Hill, Inc., et al.*, in the Superior District Court of Cabarrus County, North Carolina.

**DEFENDANT RENTECH BOILER SYSTEMS, INC.'S REPLY IN SUPPORT OF**
**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**     **PAGE 1**

issued to Rentech by Colony, and that any ruling on the duty to indemnify is premature at this time and until the Underlying Lawsuit is resolved.

3. First, with regard to the general liability insurance policies, Rentech disagrees with Colony's contentions that the insuring agreement terms are not met, and Rentech contends that the "business risk" exclusions relied on by Colony do not negate all potential for coverage. Thus, a duty to defend is owed and a ruling on the duty to indemnify is not yet ripe. Further, even if this Court disagrees that a defense is owed under the current pleading against Rentech in the Underlying Lawsuit, a ruling on the duty to indemnify still is not ripe because the potential exists that the facts developed in the Underlying Lawsuit could include damages potentially covered by the general liability policies.

5. Second, the errors and omissions policy issued by Colony requires Colony to provide a defense because the insuring agreement is satisfied and no exclusions operate to bar all potential for coverage.[2]

6. Third, alternatively, if Colony is correct that an exclusion in the errors and omissions policy applies to negate coverage, the policy provides illusory coverage and/or is unconscionable under Texas law.

7. Fourth, because the Underlying Lawsuit has not been resolved and a duty to defend exists under the errors and omissions policy, a ruling on the duty to indemnify is premature under Texas law.

---

[2] As noted by Colony in its Brief in Support of its Motion for Summary Judgment, the errors and omissions policy is a claims-made policy and the claim was first made against Rentech after August 24, 2015; therefore, although Colony issued an errors and omissions policy to Rentech for the period from August 24, 2014 to August 24, 2015, that policy is not implicated. Rentech only addresses coverage available to it under the second policy, which was in effect from August 24, 2015 to August 24, 2016.

**DEFENDANT RENTECH BOILER SYSTEMS, INC.'S REPLY IN SUPPORT OF**
**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**     **PAGE 2**

8.  Each of the foregoing is explained in more detail in Rentech's Brief in Support of its Response and Cross Motion [Doc. #16] and the Brief in Support filed contemporaneously with this Reply.

9.  For the reasons stated in Rentech's Response and Cross-Motion, its Brief in Support of same, this Reply and the Brief in Support of same, Rentech respectfully requests that this Court deny Colony's Motion for Summary Judgment and grant Rentech's Cross-Motion in its entirety.

10. Rentech also respectfully requests that the Court grant Rentech all other and further relief to which it may be entitled.

WHEREFORE, PREMISES CONSIDERED, Defendant Rentech Boiler Systems, Inc., prays for summary judgment declaring the rights and obligations of the parties, including a denial of Plaintiff Colony Insurance Company's Motion for Summary Judgment, a grant of Rentech's Cross-Motion for Summary Judgment and a declaration that Colony owes a defense to Rentech against the claims asserted against it in the Underlying Lawsuit.

Respectfully submitted,

Shidlofsky Law Firm PLLC

By: */s/ Douglas P. Skelley*
Lee H. Shidlofsky
State Bar No. 24002937
lee@shidlofskylaw.com
Douglas P. Skelley
State Bar No. 24056335
doug@shidlofskylaw.com
7200 N. Mopac Expressway, Suite 430
Austin, Texas 78731
Telephone: (512) 685-1400
Facsimile: (866) 232-8710

**ATTORNEYS FOR DEFENDANT
RENTECH BOILER SYSTEMS, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2017, I filed the foregoing document via the Court's CM/ECF system, which will forward a copy of same to all counsel of record.

*/s/ Douglas P. Skelley*
Douglas P. Skelley
